# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| AVX Corporation, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## COMPLAINT FOR REFUND

COMES NOW, AVX Corporation, by and through its undersigned counsel, and alleges as follows:

1. Plaintiff, AVX Corporation ("AVX"), brings this action under 26 U.S.C. § 7422 for a refund of $400,000 seized by Defendant, United States of America, to satisfy penalties the Internal Revenue Service ("IRS") erroneously assessed against AVX pursuant to 26 U.S.C. § 6038B for its failure to timely file Gain Recognition Agreements ("GRA") and GRA Annual Certifications, for the tax years ending March 31, 2012, March 31, 2013, and March 31, 2014.

1

## THE PARTIES

2. Plaintiff AVX is a corporation whose principal place of business and principal office is located at 1 AVX Boulevard, Fountain Inn, Greenville County, South Carolina 29644.

3. Defendant is the United States of America. The actions complained of herein were undertaken by the IRS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this refund matter pursuant to 26 U.S.C. § 7422, 28 U.S.C. § 1340, and 28 U.S.C. § 1346(a)(1).

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1402(a)(1) because AVX's principal place of business and its principal office are located at 1 AVX Boulevard, Fountain Inn, South Carolina 29644, which is within this judicial district.

6. AVX has satisfied the jurisdictional prerequisites of 26 U.S.C. § 7422(a) because on or about May 6, 2019, AVX timely filed claims for refund with the IRS, on IRS Form 843, requesting a refund of its $600,000 tax overpayment which, on or about March 26, 2018, the IRS erroneously seized and credited against the $600,000 in penalties the IRS erroneously assessed. *See* Exhibit 1 (with accompanying exhibits); Exhibits 2 and 3 (without accompanying exhibits). On

January 22, 2020, the IRS allowed $100,000 of AVX's refund claim, but disallowed the remaining $500,000. *See* Exhibit 4.

## RELEVANT FACTS AND LAW

8. AVX is a Delaware corporation with its principal place of business and its principal office located in Fountain Inn, South Carolina.

9. AVX designs, manufactures, and distributes electronic components.

10. AVX owns, directly and indirectly, several domestic and foreign subsidiaries.

11. AVX Development, Inc., ("AVX Development") is a U.S. corporation and is a wholly owned subsidiary of AVX.

12. Elco Europe GmbH ("Elco") is a German entity and is a wholly owned subsidiary of AVX.

13. AVX Koninkrijk der Nederlanden CV ("AVX CV") is a Dutch partnership formed by AVX and AVX Development, which is treated as a corporation for U.S. tax purposes.

14. AVX and AVX Development, along with AVX's other domestic subsidiaries, are treated as an affiliated group for U.S. tax purposes and file consolidated tax returns. *See* 26 U.S.C. § 1501.

### *The 2012 Elco Reorganization*

15. In early 2012, pursuant to a reorganization plan recommended by PricewaterhouseCoopers, LLP ("PWC"), AVX sought to place its German subsidiary, Elco, under the control of AVX CV. The reorganization plan recommended by PWC is referred to hereafter as the "Elco Reorganization Plan."

16. On March 8, 2012, pursuant to the Elco Reorganization Plan, AVX and AVX Development formed a Dutch entity, AVX CV.

17. AVX CV is treated as a partnership for Dutch tax purposes.

18. AVX properly elected to treat AVX CV as a corporation for U.S. federal income tax purposes.

19. Prior to March 12, 2012, AVX owned 100% of Elco.

20. On March 12, 2012, pursuant to the Elco Reorganization Plan, AVX contributed 0.9% of Elco stock to AVX Development.

21. Also on March 12, 2012, pursuant to the Elco Reorganization Plan, AVX contributed 89.1% of Elco stock to AVX CV in exchange for AVX CV stock.

22. Also on March 12, 2012, pursuant to the Elco Reorganization Plan, AVX Development contributed 0.9% of Elco stock to AVX CV in exchange for AVX CV stock.

4

23. Following the completion of the Elco Reorganization Plan, AVX CV owned 90% of Elco stock, and AVX and AVX Development owned 99% and 1% of AVX CV stock, respectively.

24. AVX's and AVX Development's transfers of Elco stock to AVX CV in exchange for AVX CV stock, made pursuant to the Elco Reorganization Plan, constitute a single, integrated exchange under 26 U.S.C. § 351(a).

### *Statutory and Regulatory Reporting Requirements*

25. Pursuant to 26 U.S.C. § 351, when stock is transferred to a corporation solely in exchange for its stock, no gain or loss is recognized on the exchange so long as the persons making the transfers remain in control of the transferee corporation after the exchange. *See* 26 U.S.C. § 351(a).

26. Pursuant to 26 U.S.C. §§ 367 and 6038B, when stock is transferred to a *foreign corporation* solely in exchange for its stock, recognition of gain may be required even though the transaction would otherwise qualify for nonrecognition under § 351.

27. Pursuant to 26 U.S.C. § 367(a) and its implementing regulations, a U.S. person, including a corporation, will generally recognize taxable gain on the transfer of stock to a foreign corporation unless the U.S. person enters into a five-year gain recognition agreement ("GRA") with respect to the transferred stock or securities. *See* 26 U.S.C. § 367(a)(2); 26 C.F.R. § 1.367(a)-3(b)(1)(ii); 26 C.F.R. § 1.367(a)-8.

28. A GRA requires the U.S. person to recognize gain on the transfer if certain triggering events occur. *See* 26 C.F.R. §§ 1.367(a)-8(c)(1) and (j).

29. Also, pursuant to 26 U.S.C. § 367(a) and its implementing regulations, the GRA must be submitted to the IRS and GRA Annual Certifications must be submitted to the IRS for five years thereafter. *See* 26 C.F.R. § 1.367(a)-8(d) and (g).

30. If a U.S. person, including a corporation, fails to timely submit a GRA or a GRA Annual Certification to the IRS, then such person must recognize gain on the transaction unless such person can demonstrate to the IRS that such failure was not willful. *See* 26 C.F.R. § 1.367(a)-8(p)(1) ("[A] U.S. transferor whose failure to file or failure to comply is determined not to be willful will not be subject to gain recognition . . . .").

31. Section 367 does not impose penalties for the failure to file a GRA or a GRA Annual Certification.

32. Pursuant to 26 U.S.C. § 6038B, U.S. persons, including corporations, are required to provide information to the IRS regarding certain non-recognition transfers of property to certain foreign entities. *See* 26 U.S.C. § 6038B(a).

33. Under § 6038B, U.S. persons, including corporations, who fail to provide required information to the IRS are subject to a penalty of 10 percent of the fair market value of the property at the time of the exchange. *See* 26 U.S.C. § 6038B(c).

34. Section 6038B limits the penalties that can be imposed for the failure to provide required information "with respect to any exchange" to $100,000 if such failure was not due to intentional disregard. *See* 26 U.S.C. § 6038B(c)(3).

35. The regulation implementing § 6038B states that U.S. persons, including corporations, must comply with the requirements of § 367 and its implementing regulations in order to satisfy the reporting obligations under § 6038B. *See* 26 C.F.R. § 1.6038B-1(b)(1)(i) ("[I]f the U.S. person files . . . a gain recognition agreement under § 1.367(a)-8 . . . such person must comply in all material respects with the requirements of such section pursuant to the terms of the . . . gain recognition agreement . . . in order to satisfy a reporting obligation under section 6038B.").

36. Thus, § 6038B penalties can be imposed for the failure to file required GRAs and GRA Annual Certifications.

37. The common parent of a consolidated group is required to file GRAs and GRA Annual Certifications on behalf of its wholly owned subsidiaries. *See* 26 C.F.R. § 1.367(a)-8(d)(3) ("If the U.S. transferor is a member but not the common parent of a consolidated group, the common parent of the consolidated group is the agent for the U.S. transferor . . . Thus, the common parent must file the gain recognition agreement on behalf of the U.S. transferor.").

*Unintentional Late Filings and Erroneously Imposed Penalties*

38. AVX, as the common parent of a consolidated group, was required to file GRAs and GRA Annual Certifications for the transfers of Elco stock by AVX and AVX Development to AVX CV in exchange for its stock.

39. AVX unintentionally failed to timely file the required GRAs and GRA Annual Certifications.

40. In or about December 2015, the IRS advised AVX that it had not filed the required GRAs or GRA Annual Certifications.

41. On or about May 2, 2016, AVX filed the required GRAs and GRA Annual Certifications.

42. On or about October 12, 2017, the IRS determined that AVX's failure to timely file GRAs and GRA Annual Certifications was not willful or due to intentional disregard. *See* Exhibit 5 (Notifications of Determination and accompanying Explanation of Items, p. 8).

43. Because AVX's failure to timely file GRAs and GRA Annual Certifications was not willful, AVX is not required to recognize gain on the exchange of Elco stock for AVX CV stock.

44. Because the failure to timely file GRAs and GRA Annual Certifications was not due to intentional disregard, and because the exchange of Elco stock for AVX CV stock constitutes a single, integrated exchange, AVX is subject to a

8

maximum penalty of $100,000 per exchange under § 6038B. *See* 26 U.S.C. § 6038B(c)(3) (limiting penalties for the failure to provide information "with respect to any exchange" to $100,000 if such failure was not due to intentional disregard).

45.  Ignoring the text of § 6038B(c)(3), which limits penalties with respect to any exchange to $100,000, on or about October 12, 2017, the IRS assessed penalties against AVX of $100,000 for each late filed GRA and GRA Annual Certification, for a total of $600,000.

46.  The specific penalties the IRS assessed against AVX are set forth in the following chart:

| Tax Year and Asserted Basis for Penalty | Penalty Assessed |
|---|---|
| a.  Tax Year Ending ("TYE") March 31, 2012 (GRA) | |
| 1.  AVX's transfer of 89.1% of Elco to AVX CV | $100,000 |
| 2.  AVX Development's transfer of 0.9% of Elco to AVX CV | $100,000 |
| b.  TYE March 31, 2013 (GRA Annual Certification) | |
| 1.  AVX | $100,000 |
| 2.  AVX Development | $100,000 |
| c.  TYE March 31, 2014 (GRA Annual Certification) | |
| 1.  AVX | $100,000 |
| 2.  AVX Development | $100,000 |
| Total: | $600,000 |

47.  On December 20, 2017, AVX submitted a written protest to the IRS asserting that the IRS erroneously assessed the GRA and GRA Annual Certification penalties.

9

48. The IRS failed to respond to AVX's written protest and, on March 29, 2019, the IRS advised AVX that its protest "seems to have gotten lost somewhere along the way." *See* Exhibit 6 (email from IRS Revenue Agent J. Cheek).

49. Prior to considering AVX's protest, on or about March 26, 2018, the IRS seized $600,000 of a tax overpayment made by AVX for the tax year ended March 31, 2017, and credited the seized amount to the erroneously assessed GRA and GRA Annual Certification penalties.

50. On May 6, 2019, AVX submitted claims for refund to the IRS seeking a full refund of the $600,000 tax overpayment the IRS erroneously seized and credited to the erroneously assessed penalties. *See* Exhibit 1 (with accompanying exhibits); Exhibits 2 and 3 (without accompanying exhibits).

51. On or about January 22, 2020, the IRS granted $100,000 of AVX's refund claims and denied the remaining $500,000. *See* Exhibit 4.

52. On or about February 21, 2020, AVX received a refund check from the IRS totaling $100,000.

## COUNT I

*(Claim Under 26 U.S.C. § 7422 for Refund of $400,000)*

53. AVX incorporates, as if fully restated herein, the allegations contained in paragraphs 1 through 52 of this Complaint.

54. Because AVX did not intentionally disregard its GRA and GRA Annual Certification filing obligations, the maximum penalty the IRS can assess against AVX under § 6038B is $100,000 per exchange.

55. The exchange of Elco stock for AVX CV stock, made pursuant to the Elco Reorganization Plan, constitutes a single, integrated exchange under 26 U.S.C. § 351.

56. Because the exchange of Elco stock for AVX CV stock constitutes a single, integrated exchange, the maximum penalty that can be imposed against AVX is $100,000.

57. Contrary to the express language of § 6038B, the IRS erroneously assessed and collected penalties against AVX totaling $600,000.

58. The IRS previously refunded to AVX only $100,000 of the erroneously assessed and collected penalties.

59. AVX, therefore, is entitled to a refund of $400,000.

## COUNT II

*(In the Alternative, Claim Under 26 U.S.C. § 7422 for Refund of $300,000)*

60. AVX incorporates, as if fully restated herein, the allegations contained in paragraphs 1 through 52 of this complaint.

61. Because AVX did not intentionally disregard its GRA and GRA Annual Certification filing obligations, the maximum penalty the IRS can assess against AVX under § 6038B is $100,000 per exchange.

62. The exchange of Elco stock for AVX CV stock, made pursuant to the Elco Reorganization Plan, constitutes a single, integrated exchange under 26 U.S.C. § 351.

63. In the alternative, if the exchange of Elco stock for AVX CV stock is considered two separate exchanges – one by AVX and one by AVX Development – the maximum penalty the IRS can assess against AVX under I.R.C. § 6038B is $200,000.

64. Contrary to the express language of § 6038B, the IRS erroneously assessed and collected penalties against AVX totaling $600,000.

65. The IRS previously refunded to AVX only $100,000 of the erroneously assessed and collected penalties.

66. AVX, therefore, is entitled to a refund $300,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AVX Corporation, demands a jury trial as to all triable issues and prays for the following relief:

(a) that the Court enter judgment in its favor and against the United States of America on Count I of this Complaint for a refund of penalties erroneously

assessed and collected for the tax years ending March 31, 2012, March 31, 2013, and March 31, 2014, in the amount of $400,000, plus statutory interest as provided by law;

(b) that, in the alternative, the Court enter judgment in its favor and against the United States of America on Count II of this Complaint for a refund of penalties erroneously assessed and collected for the tax years ending March 31, 2012, March 31, 2013, and March 31, 2014, in the amount of $300,000, plus statutory interest as provided by law; and,

(c) that the Court award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Calvin T. Vick, Jr.
Calvin T. Vick, Jr., Fed. Bar No. 9502
D. Gregory Placone, Fed. Bar No. 11977
HARPER LAMBERT, P.A.
201 W. McBee Avenue, Suite 450 (29601)
Post Office Box 908
Greenville, South Carolina 29602
PH:     (864) 235-5535
FAX:   (864) 235-6866
tvick@harperlambert.com
gplacone@harperlambert.com


George B. Abney
*Pro Hac Vice Application Pending*
Georgia Bar No. 121676
Florida Bar No. 171557
Alston & Bird, LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia  30309-3424
Direct:     404-881-7980
Fax:        404-253-8380
E-MAIL:  george.abney@alston.com

Attorneys for Plaintiff, AVX Corporation

April 1, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2020, I filed the foregoing Complaint in *AVX Corporation v. United States* with the Clerk of the Court via CM/ECF electronic filing.

Copies of the Complaint and Summonses are being served upon the following via certified mail:

Civil Process Clerk
Office of the U.S. Attorney
55 Beattie Place
Suite 700
Greenville, SC  29601

The Honorable Robert Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Charles Rettig
Commissioner of Internal Revenue
Internal Revenue Service
1500 Pennsylvania Avenue
Washington, D.C. 20003-3116

/s/ Calvin T. Vick, Jr.
Calvin T. Vick, Jr.